IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ASHA PEREZ,

    Plaintiff,

v.

ALAMEDA COUNTY SHERIFFS' OFFICE, et al.,

    Defendants.

                                        /

No. C 10-04181 JSW

**ORDER RESOLVING DISCOVERY DISPUTE**

On October 28, 2011, the parties filed a joint letter brief outlining a discovery dispute over the scope of subpoenas that Defendants have issued to two of Plaintiff's doctors. The Court has considered the parties' positions, relevant legal authority and the record in this case.

This is an employment discrimination case. However, Plaintiff also asserts claims against Defendants for intentional infliction of emotional distress and negligent infliction of emotional distress. In her Complaint, Plaintiff alleges that she "suffered sever emotional distress which has caused [her] to sustain severe, serious and permanent injuries to her person...." (Compl. ¶ 199.) Apart from this boilerplate language in her Complaint, Defendants have not put forth any information produced in discovery that Plaintiff claims she has suffered physical injury.

Defendants have issued subpoenas to a mental health care provider, as well as Plaintiff's primary care physician, Dr. Kara Durand. In their subpoenas, Defendants seek "any and all medical and mental health care records pertaining to [Plaintiff] from 1/1/03 through present.

1    This request includes, without limitation, progress notes, nursing notes, physician orders,
2    treatment logs, patient questionnaires or histories, tests and diagnostic results, medical reports,
3    consultations, mediation records, correspondence, emails and telephone messages."

4    Plaintiff does not object to disclosure of her mental health records, and she
5    acknowledges that he has discussed her emotional distress with Dr. Durand.  Plaintiff argues,
6    however, that disclosure of all of the medical records from Dr. Durand is unwarranted.
7    Defendants argue, relying solely on paragraph 199 of Plaintiff's Complaint, that "the emotional
8    distress has resulted in physical symptoms for which Plaintiff takes at least five medications,"
9    and that they should be permitted to challenge this claim by examining her medical records.
10   According to Defendants, those records could disclose alternate causes or explanations for
11   Plaintiff's symptoms.

12   The Court finds that Defendants' request should be limited in part.  In *Fitzgerald v.*
13   *Cassil*, 216 F.R.D. 632 (N.D. Cal. 2003), the court distinguished between "pure" medical
14   records and medical records that involved mental health, including any records that contained
15   information about physical conditions tied to mental health.  *Id.* at 634.  Because the Plaintiffs
16   had not claimed that they suffered "bodily injury other than that directly and immediately linked
17   to emotional distress," the court concluded that "pure" medical records were not relevant to the
18   plaintiffs' claims or defenses.  *Id.*   The Court finds the same is true in this case.  That is,
19   Plaintiff has conceded that Defendants are entitled to discovery of her mental health records.
20   However, based on the record, Defendants have failed to show that Plaintiff's "pure" medical
21   records are relevant or that they are reasonably likely to lead to the discover of admissible
22   evidence.

23   Accordingly, Defendants shall narrow the scope of the records they seek to any and all
24   mental health care records, **including any records that contain information about physical**
25   **conditions tied to mental health**, pertaining to [Plaintiff] from 1/1/03 through present."

26   However, the Court's ruling is premised upon the understanding that Plaintiff does not
27   seek damages for bodily injury unrelated to emotional distress.  As such, Plaintiff is hereby
28   placed on notice that the Court will consider a motion in limine to exclude any evidence of such

2

damages if Plaintiff's position changes. Further, the Court will consider revisiting this ruling if Defendants have any evidence that Plaintiff does seek damages for physical injury unrelated to emotional distress.

**IT IS SO ORDERED.**

Dated: November 1, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE