MICHAEL W. FOSTER (State Bar No. 127691)
C. CHRISTINE MALONEY (State Bar No. 226575)
**FOSTER EMPLOYMENT LAW**
3000 Lakeshore Avenue
Oakland, California 94610
Telephone: (510) 763-1900 x108
Facsimile: (510) 763-5952
cmaloney@fosteremploymentlaw.com

Attorneys for Defendants
ACSO, WOLF, FARRUGGIA, STAVERT,
BUCHANAN AND AHERN

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHA PEREZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE; STEVEN WOLF, as an individual and in his capacity as a police officer; MATHEW FARUGGIA, as an individual and in his capacity as a police officer; DEAN STAVERT, as an individual and in his capacity as a police officer; DONALD BUCHANAN, as an individual and in his capacity as a police officer; GREGORY AHERN in his capacity as SHERIFF OF ALAMEDA COUNTY; and DOES 1-20<br><br>Defendants. | Case No. C10-04181 JSW<br><br>**STIPULATION AND ORDER REGARDING USE OF EMOTIONAL DISTRESS EVIDENCE AT TRIAL**<br><br><br>Date Action Filed: September 16, 2010<br>Trial Date:          March 19, 2012 |

## I. STIPULATION

The parties, through their undersigned counsel of record, STIPULATE AND AGREE as follows:

1. Plaintiff's Complaint contains causes of action for intentional and negligent infliction of emotional distress and includes allegations of severe and permanent mental and emotional distress. The parties met and conferred with regard to whether Plaintiff would submit to a mental examination pursuant to Federal Rule of Civil Procedure 35. The following agreements reflect the outcome of

---
1
STIPULATION AND ORDER RE USE OF EMOTIONAL                                    CASE NO. C10-04181 JSW
DISTRESS EVIDENCE AT TRIAL AND DISMISSAL
OF PLF'S SEVENTH AND EIGHTH CAUSES OF ACTION

the meet and confer process.

2. In return for Plaintiff's agreement on the limitation of emotional distress evidence to be presented at trial, Defendants will forego their right to pursue a mental examination of Plaintiff pursuant to Fed.R.Civ.P. 35.

3. Plaintiff will not call a medical or mental health provider or other professional to testify at the time of trial concerning her alleged mental or emotional distress. Plaintiff will not designate an expert related to emotional distress issues. Plaintiff will not seek to introduce treatment records, reports or billings of medical or mental health providers concerning her alleged mental or emotional distress at the time of trial. Witnesses in this case, including Plaintiff, will not offer testimony at the time of trial concerning mental health care treatment received by Plaintiff except to acknowledge that treatment was sought. This limitation on testimony includes, but is not limited to diagnoses, treatment regimens, advice, medications, costs or billings, and prognoses.

4. Plaintiff agrees that the Seventh Cause of Action in the Complaint for intentional infliction of emotional distress shall be dismissed with prejudice. Damages for negligence will be limited to "garden variety" pain and suffering.

5. The parties agree that nothing in this stipulation precludes Plaintiff from presenting non-medical evidence of emotional distress at the time of trial.

Dated: ~~November~~ , 2011
December 9, 2011

FOSTER EMPLOYMENT LAW

_____
C. Christine Maloney
Attorneys for Defendants
ACSO, WOLF, FARRUGGIA, STAVERT, BUCHANAN AND AHERN

Dated: December 6, 2011

LAW OFFICES OF ARCOLINA PANTO

_____
Arcolina Panto
Attorneys for Plaintiff
ASHA PEREZ

2

STIPULATION AND ORDER RE USE OF EMOTIONAL
DISTRESS EVIDENCE AT TRIAL AND DISMISSAL
OF PLF'S SEVENTH AND EIGHTH CAUSES OF ACTION

CASE NO. C10-04181 JSW

## II. ORDER

Pursuant to the foregoing stipulation of the parties and good cause appearing therefore, IT IS SO ORDERED. The Seventh Cause of Action for intentional infliction of emotional distress is hereby dismissed with prejudice.

Dated: ~~November ___, 2011~~
December 12, 2011

_____
Hon. Jeffrey S. White
United States District Court Judg

3
STIPULATION AND ORDER RE USE OF EMOTIONAL
DISTRESS EVIDENCE AT TRIAL AND DISMISSAL
OF PLF'S SEVENTH AND EIGHTH CAUSES OF ACTION

CASE NO. C10-04181 JSW