IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHA PEREZ, | No. C 10-04181 JSW |
| Plaintiff, | **NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING AND ORDER PERMITTING RESPONSE FROM PLAINTIFF TO DEFENDANTS' OBJECTIONS TO EVIDENCE** |
| v. | |
| ALAMEDA COUNTY SHERIFFS' OFFICE, | |
| Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 16, 2011 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

1 Because Defendants raised their objections to Plaintiff's evidence in their reply brief,

2 the Court ORDERS that if Plaintiff wishes to respond to those objections, she must file any

3 response by Monday, December 19, 2011.

4 The Court **tentatively grants** the Defendants' motion on the basis that the findings of

5 the Civil Service Commission have preclusive effect. The parties each shall have fifteen (15)

6 minutes to address the following questions:

7 1. Plaintiff relies on *Schifando v. City of Los Angeles*, 31 Cal. 4th 1074 (2003), in support of her argument that the claims in this action are not barred either by *res judicata* or collateral estoppel. The *Schifando* court held that a plaintiff may "seek redress in the forum that is most appropriate to their situation" and is not required to exhaust FEHA's administrative remedies *and* any internal administrative remedies that the employer may offer. *Id.* at 1088-89. The *Schifdando* court held that a plaintiff was not required to exhaust both types of remedies before filing suit, noting that "[a] city employee would indeed tread into a 'procedural minefield' if a claim was filed with the Department [of Fair Housing and Employment] at the same time remedies were pursued" with a city or county's civil service commission. *Id.* at 1088. It appears, however, that Plaintiff has, in fact, stepped into that "procedural minefield." *See id.* at 1092 ("We recognize the existence of potential procedural issues that might arise in the situation where an employee chooses to pursue both avenues of redress, but those issues are not before us.").

15 a. Plaintiff alleges that she has right to sue letters. (Complaint ¶ 122.) In her opposition she states that she sent Defendant Alameda County Sheriff's Office "the requisite tort claim form and DFEH right-to-sue in April 2010." (Opp. Br. at 22:13-14.) Where in the evidentiary record can the Court find the date on which Plaintiff initiated the FEHA administrative proceedings with DFEH, which resulted in the issuance of the right to sue letter, and the date on which those letter was issued?

19 b. In *Page v. Los Angeles County Probation Dept.*, 123 Cal. App. 4th 1135 (2004), the court noted that under *Schfinado*, "if a public employee has requested a non-FEHA administrative remedy such as a civil service commission hearing and obtained an adverse decision, the employee must exhaust judicial remedies by filing a petition for writ of mandate in the trial court, or else the administrative decision will be binding on subsequent FEHA claims...." *Id.* at 1142. In that case, the court sustained a demurrer to the plaintiff's FEHA claims, which was filed while her administrative hearing before a civil service commission was ongoing, on the basis that having "chose[n] the civil service commission process and proceeded through three days of a hearing over the course of four months, resulting in a comprehensive decision by the hearing officer," the plaintiff "was not free to ignore and abandon the administrative process and proceed to a FEHA action for damages." *Id.* at 1142. How would Plaintiff distinguish the facts of her case from the facts in *Page*?

27 c. Does Plaintiff have any authority, other than *Schifando*, to support her argument that, having chosen start the non-FEHA administrative remedy before the Civil Service Commission, she is excused from judicially exhausting that process?

2

2. Does Plaintiff take the position that the proceedings before the Civil Service Commission do not comport with the procedural requirements of *United States v. Utah Construction & Mining* Co., 384 U.S. 394, 422 (1966) ? If so, where in the record can the Court find evidence that the hearing lacked the requisite procedural fairness?

3. How does Plaintiff define the "primary right" at issue in the Civil Service Commission proceedings, and what is her best argument that it is not the same "primary right" at issue in this litigation? *See, e.g., Swartzendruber v. City of San Diego*, 3 Cal. App. 4th 896, 904 (1992), disapproved on other grounds by *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 72 (2000).

4. Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: December 15, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE